JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
FILED
APR 16 1991
PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 878

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE INFANT FORMULA ANTITRUST LITIGATION

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,[*] LOUIS H. POLLAK,[**] HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of nineteen actions pending in the following federal districts: four actions each in the Northern District of Illinois, Middle District of Pennsylvania and Southern District of New York; two actions each in the District of New Jersey and Northern District of Florida; and one action each in the District of the District of Columbia, Eastern District of New York and Eastern District of Pennsylvania.[1] Before the Panel is a motion by defendants, Abbott Laboratories, Inc., Bristol-Myers Squibb Company and American Home Products Corp., to centralize all actions in the District of the District of Columbia, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings. Plaintiffs in seventeen actions agree that centralization is appropriate, but suggest the Southern District of New York, or alternatively another federal court in the northeastern United States wherein a constituent action is pending, as transferee forum. Plaintiffs in the two Florida actions oppose inclusion of their actions in any centralized pretrial proceedings with the other seventeen actions. Alternatively, if the Panel deems centralization of all actions appropriate, these plaintiffs suggest the Northern District of Florida as transferee district.

---

[*] Judge Milton Pollack took no part in the decision of this matter.

[**] Judge Louis H. Pollak recused himself and took no part in the decision of this matter.

[1] Seven of the nineteen actions now before the Panel were not originally included in the Section 1407 motion, but they are included in the matter before us because all parties to these actions have stated in writing their respective positions on the motion and were represented by counsel during oral argument.

The Panel has also been notified that an additional related action is pending in the Western District of Washington. This action, and any other related actions that come to the Panel's attention, will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under §1407 in the Northern District of Florida will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising out of allegations that defendants conspired to restrain trade by agreeing to fix the prices of infant formula in violation of the federal antitrust laws. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Florida is the appropriate transferee forum for this docket. We note that the Florida attorney general's office has conducted a two year investigation and that many documents have been reviewed by that office. Counsel for the State of Florida has represented that these documents can be made available to all plaintiffs under an appropriate protective order addressing defendants' reasonable concerns.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Northern District of Florida be, and the same hereby are, transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable Maurice M. Paul for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

Schedule A

<u>MDL-878 -- In re Infant Formula Antitrust Litigation</u>

### Northern District of Florida

<u>Albertson's Inc., et al. v. Abbott Laboratories, et al.</u>, C.A. No. 91-40011
<u>State of Florida v. Abbott Laboratories, et al.</u>, C.A. No. 91-40002

### Northern District of Illinois

<u>Barry's Cut Rate Stores, Inc., etc. v. Abbott Laboratories, et al.</u>, C.A. No. 91-C-0321
<u>Division Drugs, Inc. v. Abbott Laboratories, et al.</u>, C.A. No. 91-C-205
<u>Sapstein Bros. Pharmacy, Inc., etc. v. Abbott Laboratories, et al.</u>, C.A. No. 91-C-0387
<u>Central Drug Mart, Inc. v. Abbott Laboratories, et al.</u>, C.A. No. 91-C-0545

### Southern District of New York

<u>Sidney Levin, etc. v. Abbott Laboratories, Inc., et al.</u>, C.A. No. 91-Civ-0668
<u>Mark Drug-Strathmore, Inc. v. Abbott Laboratories, et al.</u>, C.A. No. 91-Civ-0688
<u>Grimaldi Pharmacy, Inc. v. Abbott Laboratories, et al.</u>, C.A. No. 91 Civ 1038
<u>White Rose Food, a division of DiGiorgio Corp. v. Abbott Laboratories, Inc., et al.</u>, C.A. No. 91-1301

### Eastern District of New York

<u>I&B Pharmacy, Inc., etc. v. Abbott Laboratories, et al.</u>, C.A. No. 91 Civ 0514

### Eastern District of Pennsylvania

<u>Eagleville Pharmacy v. Abbott Laboratories, et al.</u>, C.A. No. 91-CV-0376

### Middle District of Pennsylvania

<u>Giant Markets, Inc., etc. v. Abbott Laboratories, Inc., et al.</u>, C.A. No. CV-91-0004
<u>Bruce Sigman, etc. v. Abbott Laboratories, Inc., et al.</u>, C.A. No. CV-91-0026
<u>SPAWD, Inc., etc. v. Abbott Laboratories, Inc., et al.</u>, C.A. No. CV-91-0093
<u>The COPPS Corporation, etc. v. Abbott Laboratories, Inc., et al.</u>, C.A. No. CV-91-0191

## District of the District of Columbia

<u>Ingram Pharmacy, Inc., etc. v. Abbott Laboratories, Inc., et al.</u>, C.A. No. CV-91-0044

## District of New Jersey

<u>New Plains Pharmacy, Inc., etc. v. Abbott Laboratories, Inc., et al.</u>, C.A. No. 91-CV-00179
<u>Ecumenical Metropolitan Ministry/Northwest Harves, etc. v. Abbott Laboratories, Inc., et al.</u>, C.A. No. 91-CV-00485